RICHARD J. AND BARBARA A. DOUGHERTY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dougherty v. Commissioner
Docket No. 27320-92
United States Tax Court
T.C. Memo 1994-597; 1994 Tax Ct. Memo LEXIS 604; 68 T.C.M. (CCH) 1347; December 6, 1994, Filed *604 Decision will be entered under Rule 155. Richard J. and Barbara A. Dougherty, pro sese. For respondent: Douglas A. Fendrick. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1988 and 1989, as well as additions to tax and a penalty, as follows: Additions to Tax and Penalty
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6662(a)
1988
$ 2,242
$ 109
$ 112
--
1989
4,476
--
--
$ 895
The issues for decision are as follows: (1) Whether petitioner Richard Dougherty (petitioner) is entitled to deduct on Schedule C various chiropractor expenses for 1988 and 1989; (2) whether *605 petitioner is entitled to deduct on Schedule C any real estate and mortgage broker expenses for 1988 and various real estate and mortgage broker expenses for 1989; (3) whether petitioner Barbara Dougherty (Mrs. Dougherty) is entitled to deduct on Schedule C any stocktrader expenses for 1988 and 1989; (4) whether petitioners are entitled to deduct on Schedule E any rental expenses relating to their houseboat for 1988 and various Schedule E rental expenses relating to their houseboat for 1989; (5) whether petitioners are entitled to deduct on Schedule E certain rental expenses relating to two parking lots located in Philadelphia for 1988 and 1989; (6) whether petitioners are entitled to deduct on Schedule E certain rental expenses relating to property located at 1921 Mount Vernon Road in Philadelphia for 1989; (7) whether the losses incurred by petitioners in respect of Andcove, Inc., for 1988 and 1989 are passive losses such that their deduction is limited by the passive activity loss provisions of section 469; (8) whether petitioners are liable for an addition to tax for late filing under section 6651(a)(1) for 1988; (9) whether petitioners are liable for an addition to tax *606 for negligence under section 6653(a)(1) for 1988; and (10) whether petitioners are liable for an accuracy-related penalty for negligence under section 6662(a) for 1989. Whether petitioners are liable for self-employment tax is a derivative issue, the resolution of which depends on our disposition of certain of the foregoing issues. In addition, we note that in disallowing certain deductions claimed by petitioners on Schedules C and E, respondent allowed such deductions on Schedule A instead. [2]
For simplicity and clarity, we will first set forth the relevant background facts and general legal principles; we will then combine additional findings of fact and opinion for each issue. Background Facts
Some of the facts have been stipulated, and they are so found. Petitioners resided in Somers Point, New Jersey, at the time their petition was filed with the Court. Petitioner was a chiropractor until 1987, when he retired. *607 He resumed his business as a chiropractor in 1988, when he began seeing patients again. Mrs. Dougherty has primarily been a housewife since she and petitioner wed. During 1988 and 1989, Mrs. Dougherty was active as an investor, devoting significant amounts of time and energy to the activity, which she conducted from a large hallway in petitioners' home in Somers Point (the Somers Point home). Mrs. Dougherty traded stocks only on behalf of herself and her immediate family. On their 1988 and 1989 Federal income tax returns, petitioners reported 16 and 46 stock trades, respectively. In addition to a computer and a desk, Mrs. Dougherty kept cookbooks and art supplies in the hallway, which also served as a den. Petitioners purchased a house at 1921 Mount Vernon Road (the Mount Vernon Road property) in Philadelphia in 1985, for $ 90,000, and used it as their principal residence from 1985 until 1988. Prior to the years in issue, petitioners used part of the house to operate a "bed & breakfast". Petitioners purchased the Somers Point home in March 1988 as their principal residence. From April to September 1988 petitioner saw chiropractic patients at the Mount Vernon Road property. *608 In 1989, the Mount Vernon Road property was rented to an unrelated third party from August through December. During the years in issue, petitioners also owned a houseboat (the houseboat), purchased in 1983. Petitioners rented the houseboat to third parties, but would occasionally stay on the houseboat when it was not rented. In early 1988, petitioners stayed on the houseboat for part of the time that they were making the transition from Philadelphia to the Somers Point home. On at least 32 days between January and March 1988, petitioners made personal telephone calls from the houseboat. Petitioners rented the houseboat to a third party from April 1 through June 30, 1988, for $ 750 per month, a total of $ 2,250 for the 91-day rental period (approximately $ 24.73 a day). Petitioners received $ 5,450 as rental income from the houseboat in 1988. In 1989, petitioners sold two parking lots located at 2010 and 2012 Fairmont Avenue in Philadelphia (the parking lots) for $ 35,000. The parking lots had been purchased in 1986 for $ 45,900. Petitioners' 1988 Federal income tax return, due on October 16, 1989, was filed on November 13, 1989. General Legal Principles
We begin *609 by noting that, as a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra.This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). If the record provides sufficient evidence that a taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may, under certain circumstances, estimate the amount of such expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). *610 However, in order for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). Petitioner's Schedule C Chiropractor Expenses
Petitioners claimed deductions, inter alia, for depreciation, insurance, and employee plan expenses in connection with petitioner's business as a chiropractor. Sections 167 and 168 provide that a depreciation deduction shall be allowed to reflect the exhaustion, wear, and tear of property used either in a trade or business or held for the production of income. Respondent determined that petitioners were entitled to depreciate the Mount Vernon Road property for 9 months of 1988 and the first 5 months of 1989. [3] Although testimony offered by petitioners at trial indicated that petitioner used the Mount Vernon Road property for his chiropractic practice for 6 months in 1988 and did not use it for his chiropractic practice in 1989, respondent has not revised *611 her determination. Petitioners' testimony at trial also revealed that petitioners had been depreciating the Mount Vernon Road property using its fair market value as their basis. However, as applicable herein, sections 168(d)(1) and 1012 require the use of petitioners' cost for purposes of depreciation. Moreover, land is not depreciable. E.g., Liddle v. Commissioner, 103 T.C. 285 (1994). Because petitioners failed to present any persuasive evidence to counter respondent's determination of allowable depreciation, petitioners did not satisfy their burden of proof, and respondent's determination is sustained. Regarding the deduction claimed for insurance expense on petitioners' Schedule C for 1988, respondent determined that petitioners were entitled to deduct $ 763 of the amount claimed and *612 disallowed the balance. Section 162(a) provides that a deduction will be permitted for any ordinary and necessary expense paid during the taxable year in carrying on any trade or business. Moreover, section 162(1) specifically provides that an individual who is self-employed may deduct an amount up to 25 percent of the amount paid during the taxable year for insurance which constitutes medical care for the taxpayer, his spouse, and his dependents, as long as the amount of such deduction is less than the amount of the taxpayer's earned income derived from the trade or business with respect to which the plan providing the medical care coverage is established. Moreover, section 262(a) precludes deductions for personal, living, and family expenses. Cf. sec. 264(a)(1). Petitioners failed to present persuasive evidence at trial that the insurance expense disallowed by respondent on the Schedule C for 1988 was an ordinary and necessary business expense within the meaning of section 162(a). Accordingly, respondent's determination is sustained. Finally, no persuasive evidence was adduced at trial to substantiate the deduction claimed by petitioner for employee plan expenses under section *613 162(a) for each of the years in issue. Consequently, we sustain respondent's disallowance of these deductions. Petitioner's Schedule C Real Estate and Mortgage Broker Expenses
Petitioners claimed deductions on Schedule C for 1988 and 1989 for expenses relating to what was identified as petitioner's business as a mortgage representative and real estate salesman. For 1988, respondent determined that petitioners were not entitled to these deductions on the ground that they had not established that any amounts were expended for such a business activity. For 1989, respondent disallowed certain deductions on the ground that they had not been substantiated. At trial, petitioners presented no evidence to support the claim that petitioner was engaged in the trade or business of being a mortgage representative or real estate salesman in 1988. Petitioners also failed to substantiate the specific deductions that respondent disallowed for 1989. Accordingly, we sustain respondent's determination for both years. Mrs. Dougherty's Schedule C Stocktrader Expenses
Petitioners claimed deductions on Schedule C for 1988 and 1989 for expenses relating to what was identified as Mrs. *614 Dougherty's trade or business as a stocktrader. Respondent determined that petitioners were not entitled to these deductions, principally because Mrs. Dougherty was an investor. Only by proving that Mrs. Dougherty was engaged in the trade or business of being a stocktrader and by substantiating her expenses would petitioners be entitled to the deductions as claimed. Whether Mrs. Dougherty was engaged in the trade or business of being a stockbroker is a question of fact. Higgins v. Commissioner, 312 U.S. 212, 217 (1941). "Management of securities investments, whatever the extent and scope of such activity, is seen as the work of a mere investor, 'not the trade or business of a trader.'" Mayer v. Commissioner, T.C. Memo. 1994-209 (quoting Estate of Yaeger v. Commissioner, 889 F.2d 29, 34 (2d Cir. 1989), affg. in part, revg. in part, and remanding T.C. Memo. 1988-264)). Rather, an investor's expenses are only deductible under section 212 as incurred in the production of income. Whipple v. Commissioner, 373 U.S. 193, 200 (1963); *615 United States v. Gilmore, 372 U.S. 39, 45 (1963). A two-part test (the two-part test) has been developed for determining whether a taxpayer who manages her own investments is a trader or an investor. Mayer v. Commissioner, supra. Thus, a taxpayer's activity will be considered that of a trader only if: (1) The taxpayer's trading is substantial, and (2) the taxpayer seeks to profit from daily or short-term swings in the securities market. Id.; see also Paoli v. Commissioner, T.C. Memo. 1991-351 (where 125 of 326 sales of stock made during the taxable year were during a 1-month period, taxpayers were investors not traders). Although Mrs. Dougherty testified that she spoke with her broker at Merrill Lynch on an almost daily basis, the evidence at trial does not support a finding that Mrs. Dougherty's trading activities satisfied the two-part test. Specifically, on their 1988 and 1989 Federal income tax returns, petitioners reported only 16 and 46 stock trades, respectively. This does not rise to the level of substantial trading contemplated by the two-part test. As previously noted, *616 an investor's expenses may be deductible as having been incurred in the production of income. Sec. 212. [4] Petitioners claimed certain deductions relating to Mrs. Dougherty's use of the Somers Point home to conduct her investment activities. However, because we have held that Mrs. Dougherty was not engaged in a trade or business with respect to her investment activities, petitioners are not entitled to any investment-related deductions for Mrs. Dougherty's use of the Somers Point home for investment activities. Sec. 280A. [5]
Petitioners presented no documentary evidence to substantiate the amount of any other expense incurred by Mrs. Dougherty as an investor. However, *617 on the basis of the testimony adduced at trial, we hold that during 1988 and 1989 petitioners incurred expenses of $ 12 and $ 15, respectively, with regard to Mrs. Dougherty's investment activity. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Petitioners' Schedule E Houseboat Rental Expenses
Petitioners claimed a loss for 1988 relating to their rental of the houseboat during that year. Respondent determined that petitioners were not entitled to deduct this loss because they used the houseboat as a residence during 1988. As a general rule, when a dwelling unit is used by the taxpayer as a residence during the taxable year, no deductions otherwise allowable under chapter 1 of the Internal Revenue Code are permitted with respect to the use of that dwelling unit. Sec. 280A(a). There are, however, certain exceptions to this general rule. One exception permits deductions for expenses related to certain rental property. Sec. 280A(c)(3). Nevertheless, section 280A(c)(5) limits deductions related to rental property "where the dwelling unit is used by the taxpayer during the taxable year as a residence". For practical purposes, in *618 this case, if petitioners used the houseboat as a residence during the 1988 taxable year, then respondent's determination must be sustained. We must therefore decide whether petitioners used the houseboat as a residence during 1988. In order to decide this matter we must turn to section 280A(d). Section 280A(d) defines what constitutes use as a residence. In relevant part, section 280A(d) provides as follows: SEC. 280A(d). Use as a Residence. -- (1) In General. -- For purposes of this section, a taxpayer uses a dwelling unit during the taxable year as a residence if he uses such unit (or portion thereof) for personal purposes for a number of days which exceeds the greater of -- (A) 14 days, or (B) 10 percent of the number of days during such year for which such unit is rented at a fair rental.
For purposes of subparagraph (B), a unit shall not be treated as rented at a fair rental for any day for which it is used for personal purposes. (2) Personal use of unit. -- For purposes of this section, the taxpayer shall be deemed to have used a dwelling unit for personal purposes for a day if, for any part of such day, the unit is used -- (A) for personal purposes *619 by the taxpayer or any other person who has an interest in such unit, or by any member of the family (as defined in section 267(c)(4)) of the taxpayer or such other person; * * * (C) by any individual * * * unless for such day the dwelling unit is rented for a rental which, under the facts and circumstances, is fair rental.
Assuming that the houseboat was rented at a fair rental for 220 days of the year, [6] petitioners would need to prove that they used the houseboat for personal use fewer than 23 days during the 1988 taxable year. Sec. 280A(d)(2)(A). The statutory definition of personal use is rather broad, insofar as it includes the use of a dwelling unit "for any part of such day" on which the unit is used by the taxpayers for personal use. Petitioners acknowledged at trial, and telephone records confirm, that petitioners made personal telephone calls from the houseboat on at least 32 different days *620 during 1988. Moreover, petitioners stayed on the houseboat in early 1988 for part of the time that they were making the transition from their former home in Philadelphia to their new home in Somers Point. Clearly such use would have constituted personal use. Accordingly, we hold that petitioners used the houseboat as a residence for more than 10 percent of the number of days for which the house was rented at a fair rental. See sec. 280A(d)(1)(B). In view of the foregoing, we sustain respondent's determination with respect to the Schedule E loss for 1988. For 1989, respondent determined that petitioners were not entitled to certain of the deductions that petitioners claimed on their Schedule E with respect to the houseboat. Petitioners presented no persuasive evidence at trial to substantiate the deductions which were disallowed. Consequently, we sustain respondent's determination. Petitioners' Schedule E Rental Expenses for Parking Lots
Respondent determined that petitioners were not entitled to certain deductions claimed on Schedule E for 1988 and 1989 with respect to the parking lots. On brief, respondent conceded, on the basis of a real estate tax bill, that petitioners *621 are entitled to an additional deduction of $ 970 for 1988. Because that bill is actually for $ 970.91, we hold that petitioners are entitled to an additional deduction of $ 1. Petitioners presented no persuasive evidence to substantiate the other expenses disallowed by respondent. Accordingly, with the exception just noted, we sustain respondent's determination. Petitioners' Schedule E Mount Vernon Road Property Rental Expense
For 1989, petitioners deducted various expenses relating to the rental of the Mount Vernon Road property. Respondent determined, inter alia, that petitioners overstated their deduction for depreciation and that petitioners were obliged to capitalize, rather than deduct, the cost of a skylight replacement. Petitioners appear to have claimed depreciation based on the fair market value of the Mount Vernon Road property, rather than based on its cost, less the cost allocable to the land. Moreover, petitioners appear to have claimed depreciation for a full 12 months. Respondent determined that petitioners were entitled to deduct depreciation based on petitioners' cost, less the cost allocable to the land. Respondent also determined that petitioners *622 were entitled to deduct depreciation for those months that the property was used as a rental property for the production of income. Secs. 167(a)(2), 168(c)(1)(B), 1012. Petitioners failed to introduce persuasive evidence that respondent erred in either her approach or computation. Accordingly, we sustain respondent's determination. Also for 1989, petitioners deducted $ 5,150 as repair expense. Respondent determined that this amount must be capitalized pursuant to section 263 and then depreciated. Section 263 relates to capital expenditures and provides in relevant part as follows: SEC. 263. Capital Expenditures (a) General Rule. -- No deduction shall be allowed for -- (1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. * * *
Petitioners failed to introduce persuasive evidence that the skylight was anything other than a capital improvement. We therefore sustain respondent's determination. The Andcove Losses
For 1988 and 1989, petitioners deducted losses of $ 11,063 and $ 15,363, respectively, relating to their investment in Andcove, Inc. (Andcove), an S corporation. *623 Andcove owned the marina (the marina) where petitioners docked their houseboat during the years in issue. On Schedule E for 1988 and 1989, petitioners characterized their Andcove losses as nonpassive losses. Respondent determined that the losses were passive losses and therefore subject to the limitations on the deductibility of passive activity losses set forth in section 469. Section 469(c)(1) defines a passive activity as any activity "(A) which involves the conduct of any trade or business, and (B) in which the taxpayer does not materially participate." Material participation requires that the taxpayer be "involved in the operations of the activity on a basis which is -- (A) regular, (B) continuous, and (C) substantial." Sec. 469(h)(1). Rules as to what level of participation is required to satisfy the material participation standard are set forth in section 1.469-5T, Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988). Petitioner's testimony that as a one-twentieth owner of Andcove, as a houseboat owner, and as a 99-year leaseholder of a slip in the marina, he was "pretty doggone active" is insufficient to prove that petitioners materially *624 participated in Andcove's trade or business. [7] Moreover, other evidence in the record contradicts petitioners' contention that they materially participated. Specifically, the Schedule K-1 (Form 1120S) sent to petitioners by Andcove for 1989 specifically states that "Loss * * * is from a passive activity." The Schedule K-1 goes on to advise petitioners that "You should file Form 8582 'Passive Activity Loss Limitations' with your 1989 tax return." Based upon the evidence at trial, we sustain respondent's determination. Section 6651(a)(1) Addition to Tax for Late Filing for 1988
The addition to tax under section 6651(a)(1) is imposed on a taxpayer who fails to file an income tax return in a timely fashion, unless the taxpayer's failure is due to reasonable cause and not willful neglect. Petitioners' income tax return for 1988 was due on October 16, 1989. Secs. 6072(a), 6081(a), 7503. However, petitioners' return was filed *625 on November 13, 1989. Petitioners offered no explanation which would suggest that they had reasonable cause to file late. Accordingly, we hold that petitioners are liable for the addition to tax under section 6651(a)(1). Section 6653(a)(1) Addition to Tax for Negligence for 1988
Respondent also determined that petitioners are liable for an addition to tax for negligence under section 6653(a)(1) for 1988. Under section 6653(a)(1), an addition to tax is imposed if any part of the underpayment is due to negligence or disregard of rules or regulations. "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6653(a)(3); see Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determination of the addition to tax for negligence is presumptively correct, and petitioners bear the burden of proving otherwise. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioners *626 did not address the issue of negligence at trial and therefore failed to carry their burden of proof. Moreover, based on the record in this case, there is ample evidence that petitioners were, at a minimum, negligent with respect to the entire underpayment for 1988. Indeed, petitioner testified that You always submit a different statement to the bank as far as your net worth, and the IRS * * * because you want the bank to think you've got more money than you have, and you want the IRS to think you have less money than you have.
We think petitioner's statement reflects petitioners' "disregard" of the rules and regulations. Sec. 6653(a)(3); see Neely v. Commissioner, supra.
Respondent is sustained on this issue. Section 6662(a) Accuracy-related Penalty for Negligence for 1989
The final issue for decision is whether petitioners are liable for the accuracy-related penalty for negligence under section 6662(a) for 1989. The penalty under section 6662(a) is similar to the addition to tax for negligence under section 6653(a)(1). Section 6662(a) and (b)(1) provides that if any portion of an underpayment of tax is attributable to negligence *627 or disregard of rules or regulations, then there shall be added to the tax an amount equal to 20 percent of the amount of the underpayment which is so attributable. The term "negligence" includes any failure to make a reasonable attempt to comply with the statute, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Petitioners have the burden of proving that respondent's determination of the penalty is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners did not address the penalty for negligence at trial and therefore failed to carry their burden of proof. In any event, as noted above, there is ample evidence that petitioners were negligent with respect to the entire underpayment for 1989. Respondent is therefore sustained on this issue. Conclusion
To give effect to our resolution of the disputed issues, as well as the parties' concessions, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Any adjustments to reflect the Court's opinion must be made in a Rule 155 computation.↩
3. Respondent determined that petitioners were entitled to deduct depreciation on Schedule E for those months of 1989 that the Mount Vernon Road property was held for the production of income.↩
4. Deductions related to income-producing activities are subject to the 2-percent floor set forth in section 67(a).↩
5. We note that respondent determined that petitioners were entitled to deductions for mortgage interest and real estate taxes paid during 1988 and 1989 as Schedule A deductions rather than as Schedule C deductions, as claimed.↩
6. We base this figure on rental income of $ 5,450 with an average per diem rental charge of $ 24.73.↩
7. Petitioners do not contest the computational dimension of respondent's determination.↩